IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


SHIRLEY RENICE ALVAREZ                                              PLAINTIFF


vs.                          Civil No.  4:09-cv-04061


MICHAEL J. ASTRUE                                                 DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

**BEFORE** the Court is Defendant's Motion to Dismiss Plaintiff's Request for Attorney Fees Costs and Expenses.  (Doc. No. 13).  Plaintiff did not directly respond to this Motion, however Plaintiff's response to Defendant's Motion for Extension of Time did set forth argument in opposition to dismissal, and as such the Court will treat this as a  response to Defendant's motion.  (Doc. No. 12). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background

On June 18, 2009, Plaintiff filed her *pro se* complaint for attorney fees and expenses under the Equal Access To Justice Act (EAJA).  (Doc. No. 1).  Through this complaint, Plaintiff is seeking  fees, expenses and damages pursuant to EAJA in the amount of $30,152.39.  (Doc. No. 1, Pg. 8).  The Plaintiff is seeking EAJA fees in relation to the Court's September 19, 2006, Judgment remanding the case to the Commissioner in  *Alvarez v. Social Security Administration,* No. 05-04054 (W.D. Ark. September 19, 2006).

Defendant seeks to dismiss Plaintiff's complaint arguing first that a *pro se* Plaintiff is not

entitled to an award of attorney fees pursuant to EAJA and second, that Plaintiff's complaint and request for fees in this case was not timely filed.  (Doc. No. 14).

## 2. Discussion

An award of EAJA fees to a *pro se* Plaintiff is not provided for in the EAJA statute.  *See* 28 U.S.C. § 2412.  Also, both the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit have found that *pro se* litigants, whether attorney or layperson, not entitled to attorney fees.  The purpose of fee shifting statutes is to provide an incentive to employ counsel, thereby creating an attorney-client relationship.  *See Kay v. Ehrler*, 499 U.S. 432 (1991) (holding that a *pro se* attorney litigant was not entitled to fees under the Civil Rights Attorney's Fees Award Act); *See also*, *White v. Armontrout*, 29 F.3d 357, 361 (8th Cir. 1994) (*pro se* litigant not entitled to attorney's fees).

Plaintiff argues the EAJA provides that a court must award attorney's fees to a prevailing party in a social security claim and that the term "prevailing party" directs the award of attorney fees to the claimant who incurred the fees and not the claimant's attorney.  *See Manning v. Astrue*, 510 F. 3d 1246, 1249 (10th Cir. 2007).  Plaintiff's argument is without merit as the case law referenced by Plaintiff all involve situations where the social security claimant was in fact represented by counsel and not appearing *pro se* as is Plaintiff in this matter. These cases addressed the issue of whether fees should be paid directly to the attorney or to the plaintiff.

Further, even assuming Plaintiff was entitled to an award of fees and expenses, Plaintiff's *pro se* request was not timely filed.   The Plaintiff is seeking EAJA fees in relation to the Court's September 19, 2006, Judgment remanding the case to the Commissioner in  *Alvarez v. Social Security Administration,* No. 05-04054 (W.D. Ark. September 19, 2006). The EAJA provides in relevant part:

> (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses. . . .

*See*, 28 U.S.C. § 2412(d)(1)(B).

A timely motion for EAJA fees would have to have been filed within thirty days, or by October

19, 2006. Plaintiff failed to ever file a motion for EAJA fees in *Alvarez v. Social Security Administration,* No. 05-04054 (W.D. Ark. September 19, 2006).

**3. <u>Conclusion:</u>**

Based on the foregoing, Defendant's Motion to Dismiss Plaintiff's Request for Attorney Fees Costs and Expenses (Doc. No. 13) is **GRANTED**. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **11th day of June, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE